# In the United States District Court
# For the District of Puerto Rico

| |
|---|
| The United States of America, |
| Plaintiff |
| v. |
| Luis J. Nieves-Siarez, |
| Defendant. |

Criminal No.: 16-803 (DRD)

## FORMAL OBJECTIONS TO THE PRE-SENTENCE REPORT

TO THE HONORABLE DANIEL R. DOMINGUEZ
UNITED STATES SENIOR DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

COMES NOW the defendant, Luis J. Nieves-Siarez (hereinafter "Mr. Nieves-Siarez"), represented by the Federal Public Defender for the District of Puerto Rico, through the undersigned attorney, and very respectfully states, alleges and prays as follows:

1. On May 30, 2017, the United States Probation Officer (hereinafter "USPO") Ms. Taisa Mojica filed the Pre-Sentence Report (hereinafter "PSR").[1]

2. On June 9, 2017, the undersigned attorney emailed Ms. Mojica and informally objected to a four (4) level enhancement calculated on the defendant's offense level computation.

---

[1] See Docket No. 31.

3. Considering the defense's informal objections, Ms. Taisa Mojica filed an Amended PSR. The Amended PSR was modified to reflect changes in footnotes number two (2) and three (3). However, the USPO's offense level computation remained unaltered.

4. On paragraph 18 of the Amended PSR, the USPO calculated a four (4) level enhancement to the defendant's Base Offense Level of 18 *"since the defendant used or possessed the machinegun in connection with another felony offense"* pursuant to the United States Sentencing Commission Guidelines Manual (hereinafter "USSG") section 2K2.1(b)(6)(B).

5. The USPO referenced the basis of the enhancement in footnote number four (4) of the Amended PSR alleging that: *"The defendant is seen in the video aiming and firing a machinegun that matches the description of the one seized during the instant arrest on what appears to be a public road. According to the Electronic Registry of Firearms and Licenses of the Puerto Rico Police Department, the defendant has no authorization to possess, carry, and/or shot a firearm".* [2]

6. Based on the four (4) level enhancement, the USPO calculated on paragraph 26 a **Total Offense Level of 19**, after deducting three (3) levels for acceptance of responsibility. [(USSG §3E1.1(a) & (b)]. Based upon a total offense level of 19 and a criminal history category of I, the USPO understands that the guideline imprisonment range is **30 to 37 months**.[3]

---

[2] The referenced video was retrieved from a phone extraction conducted on Mr. Nieves-Siarez' cellular phone.
[3] See PSR paragraph number 56.

7. On July 10, 2017, USPO Ms. Mojica filed the Addendum to the PSR.[4] In said Addendum, the USPO stands by her position and alleges that the four (4) level enhancement pursuant to the USSG §2K2.1(b)(1)(6) should apply.

8. The USPO alleges in the Addendum to the PSR that the firearm used by the defendant in the video is the same make and depicts the distinctive color of the one seized. The USPO also argues that the defendant admitted during the PSR interview that he possessed the firearm for about two (2) months prior to his arrest. Similar arguments are used by the Government in order to apply the four (4) level enhancement.

9. For the following reasons, Mr. Nieves-Siarez respectfully **objects** to the four (4) level enhancement calculated in the PSR and therefore, objects paragraphs 18, 26 and 56 of the Amended PSR.

10. The enhancement that the USPO and the Government sought to be applied requires two (2) subsidiary findings. *U.S. v. Paneto*, 661 F. 3d 709 (1st Cir. 2011). First, the court must find that the defendant possessed the firearm in connection with another offense. *Id.* Second, it must supportably find that the additional offense is a felony qualifying for the enhancement. *Id.* <u>The government has the burden of proving these two (2) elements by a preponderance of evidence</u>. *U.S. v. Damon*, 595 F. 3d 395, 399 (1st Cir. 2010).

---

[4] See Docket No. 35.

11. As depicted in the referenced video, the model, caliber and serial number of the firearm used by the defendant cannot be perceived. Therefore, it cannot be assumed that the firearm used by Mr. Nieves-Siarez in the video is the same firearm seized in the present case.

12. Therefore, the information considered in order to apply the four (4) level enhancement is too vague and imprecise to conclude that Mr. Nieves-Siarez possessed the same firearm seized in connection with another felony offense. If a substantial enhancement such as this one is to be applied, there must be sufficient and reliable evidence to support it. As of now, there is no evidence, <u>only assumptions</u>, that Mr. Nieves-Siarez used the firearm seized in connection with another felony offense. As a result, the Government has not met the burden of proving that the defendant used the same firearm seized in connection with another felony offense.

13. For the information stated above, the four (4) level enhancement should not be warranted. As a result, Mr. Nieves-Siarez should then face an USSG Base Offense Level of 18, with a three (3) level deduction for acceptance of responsibility pursuant to USSG §3E1.1(a) & (b), for a **Total Offense Level of 15**. With a Total Offense Level of 15 and a Criminal History Category of I, Mr. Nieves-Siarez should face a USSG sentence recommendation of **18-24 months** of imprisonment.

14. The additional objections raised informally by the undersigned attorney, which are reflected in the Addendum to the PSR, are not been addressed here,

4

since the Amended PSR does not include the information that grounded said objections.

WHEREFORE, Mr. Nieves-Siarez respectfully requests this Honorable Court to TAKE NOICE of the present motion and UPHOLD Mr. Nieves-Siarez' objections to the PSR, which have a significant detrimental effect on his USSG calculations.

I HEREBY CERTIFY that on this date I electronically filed the present motion with the Clerk of the Court using the CM/ECF system which will send electronic notification of said filing to all parties of record.

Respectfully submitted,

In San Juan, Puerto Rico, this 11th day of July, 2017.

Eric Alexander Vos
Federal Public Defender

S/*Edwin A. Mora Rolland*
Edwin A. Mora Rolland
Assistant Federal Public Defender
USDC-PR 304603
241 F.D. Roosevelt Avenue
San Juan, Puerto Rico 00918-2441
(787) 281-4922 Ext. 262
Fax (787) 281-4899
Edwin_Mora@fd.org